McKEAGUE. Circuit Judge,
dissenting.
The majority rightfully concludes that the government has an important interest in prosecuting Grigsby, but then reverses the district court’s decision by concluding the government’s important interest is undermined by the unique special circumstances of this case. I disagree with the majority’s special-circumstances analysis for a number of reasons. Based upon the record before us, involuntary civil commitment under § 4246 is largely speculative, and though Grigsby might be able to pur *977 sue an insanity defense, he is unlikely to prevail on that defense. In addition, because of the sheer number of assumptions in the majority’s analysis, I disagree that Grigsby’s term of pretrial confinement is likely to exceed any sentence he would ultimately receive. With regard to Grigs-by’s fair-trial rights, the majority’s analysis is again largely speculative — we cannot know what side effects, if any, Grigsby will encounter until he is medicated. Further, Dr. Lucking testified that he would attend to treatable side effects and cease medicating Grigsby if irreversible side effects occurred. Because the government has an important interest in prosecuting the defendant, because of the speculative nature of the special circumstances considered by the majority, and because I find no error in the district court’s consideration of the other Sell factors, I would affirm. I therefore respectfully dissent.